1  LINDA BALDWIN JONES, Bar No. 178922
   ANDREA LAIACONA, Bar No. 208742
2  KRISTINA M. ZINNEN, Bar No. 245346
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023
   E-mail: courtnotices@unioncounsel.net
6
   Attorneys for Plaintiffs
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               (SAN FRANCISCO DIVISION)

11

12  PAUL BENSI, BART FLORENCE, JERRY    ) No. CV 0801757
    KALMAR, and LYLE SETTER, in          )
    their capacities as Trustees of the  )
13  STATIONARY ENGINEERS LOCAL 39        )
    PENSION TRUST FUND; STATIONARY       ) **PLAINTIFFS' OPPOSITION TO**
14  ENGINEERS LOCAL 39 ANNUITY TRUST     ) **MOTION FOR INTRADISTRICT**
    FUND; and STATIONARY ENGINEERS       ) **TRANSFER**
15  LOCAL 39 HEALTH AND WELFARE TRUST    )
    FUND,                                )
16                                       )
            Plaintiffs,                  ) Date:   June 12, 2008
17                                       ) Time:   2:00 p.m.
        vs.                              ) Judge:  Honorable Claudia Wilkens
18                                       )
    AC SERVICE & DESIGN COMPANY, a       )
19  California Corporation,              )
                                         )
20          Defendant.                   )
                                         ) Civil Local Rule 3-2
21  _____ )

22              I.    **INTRODUCTION**

23       Plaintiffs Paul PAUL BENSI, BART FLORENCE, JERRY KALMAR, and LYLE

24  SETTER, in their capacities as Trustees of the STATIONARY ENGINEERS LOCAL 39

25  PENSION TRUST FUND; STATIONARY ENGINEERS LOCAL 39 ANNUITY TRUST FUND;

26  and STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE TRUST FUND

27  (hereinafter "Plaintiffs") hereby oppose Defendant AC SERVICE & DESIGN COMPANY's

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 1 -
PLAINTIFFS' OPPOSITION TO MOTION FOR INTRADISTRICT TRANSFER
Case No. CV 0801757

1  Motion for Intradistrict Transfer.  Plaintiffs' opposition is based on this Opposition to the Motion

2  for Intradistrict Transfer, the Declaration of Michael Schumacher (hereinafter "Schumacher

3  Decl.") filed concurrently herewith, all exhibits thereto, and all documents filed in the above-

4  captioned matter.

5  ## II.  STATEMENT OF FACTS

6  At all relevant times, Defendant AC Service & Design Company (hereinafter "Defendant")

7  was signatory and bound to a written collective bargaining agreement with the International Union

8  of Operating Engineers, Stationary Engineers, Local 39 (hereinafter "Union"), a labor organization

9  within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. Section

10  185.  Defendant became subject to all the terms and conditions of the Collective Bargaining

11  Agreement by signing the Collective Bargaining Agreement with the Union.  Schumacher Decl. ¶

12  3; Collective Bargaining Agreement, Ex. A to Schumacher Decl.

13  By signing the Collective Bargaining Agreement, Defendant became subject to the Pension

14  Trust Fund Agreement and Declaration of Trust (hereinafter "Pension Trust Agreement"), the

15  Trust Agreement Establishing the Stationary Engineers Local 39 Annuity Trust Fund (hereinafter

16  "Annuity Trust Agreement"), and the Stationary Engineers Local 39 Welfare Fund Trust

17  Agreement (hereinafter "Health and Welfare Trust Agreement").  Schumacher Decl. ¶ 4; Pension

18  Trust Agreement, Ex. B to Schumacher Decl.; Annuity Trust Agreement, Ex. C to Schumacher

19  Decl.; and Health and Welfare Trust Agreement, Ex. D to Schumacher Decl.

20  The above-mentioned Trust Agreements provide for prompt payment of all employer

21  contributions to the various Trust Funds in San Francisco, California.  Complaint ¶ V; Schumacher

22  Decl. ¶¶ 5-8.  Said Agreements provide for the audit of signatory employer's books and records in

23  order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely

24  paid as required by the applicable labor agreements and law.  Plaintiffs' auditors conducted a

25  payroll audit of Defendant's books and records for the period January 1, 1999 through September

26  30, 2006, which revealed that the contributions the Defendant submitted to the Trust Funds were

27  inadequate, and that Defendant owed at least $98,159.20.  As a result, Defendant will also owe

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

PLAINTIFFS' OPPOSITION TO MOTION FOR INTRADISTRICT TRANSFER
Case No. CV 0801757

1   liquidated damages and interest of at least $34,123.52 and testing fees of at least $3,850.00.

2   Complaint ¶ VI.  During this time period, Employer contributions to the Pension Fund, Annuity

3   Fund, and Health and Welfare Fund were due and payable in San Francisco, California.

4   Schumacher Decl. ¶ 9.

5          Because of Defendant's failure to pay these delinquencies that were due and payable in

6   San Francisco, California, Plaintiffs filed an action for breach of contract, damages, and breach of

7   fiduciary duty against Defendant.  See, Complaint.

8                               III.   **ARGUMENT**

9          Defendant's Motion for Intradistrict Transfer is contrary to the Northern District of

10  California Civil Local Rules governing intradistrict assignment, and contrary to the contractual

11  agreement between the parties.  Pursuant to the Civil Local Rules and the Trust Agreements to

12  which Defendant is bound, the San Francisco Division of the United States District Court for the

13  Northern District of California is the proper location for the above-captioned matter.

14  **A.     THE SAN FRANCISCO DIVISION IS THE PROPER LOCATION FOR THIS
         CASE BECAUSE THE ACTION AROSE IN SAN FRANCISCO COUNTY.**

15

16         Northern District of California Civil Local Rule 3-2 governs the intradistrict assignment of

17  actions.  Local Rule 3-2 states that:

18                 upon initial filing, all civil actions and proceedings for which this district is
                   the proper venue shall be assigned by the Clerk to a Courthouse serving the
19                 county in which the action arises.  A civil action arises in the county in
                   which a substantial part of the events or omissions which give rise to the
20                 claim occurred or in which a substantial part of the property that is the
                   subject of the action is situated.

21

22  Civil L.R. 3-2(c).  Rule 3-2 further states that "all actions which arise in the counties of . . . San

23  Francisco…shall be assigned to the San Francisco Division or the Oakland Division."  Civil L.R.

24  3-2(d).

25         All of the events and omissions that give rise to this action took place in San Francisco

26  County.  This action concerns the Defendant's failure to timely pay the full amount of fringe

27  benefit contributions due and owing to the Plaintiff Trust Funds pursuant to the Collective

28  Bargaining Agreement, the Pension Trust Agreement, the Annuity Trust Agreement, and the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

PLAINTIFFS' OPPOSITION TO MOTION FOR INTRADISTRICT TRANSFER
Case No. CV 0801757

Health and Welfare Trust Agreement.

The Collective Bargaining Agreement and the Pension Trust Agreement each provide that pension contributions and payments to the Pension Fund shall be due and payable in San Francisco, California or such other place designated by the Trustees.  Schumacher Decl. ¶ 6; Collective Bargaining Agreement, Ex. A to Schumacher Decl. at Section 16(1); Pension Trust Agreement, Ex. B to Schumacher Decl. at Article IV, Section 4.01; Article X, Section 10.06.

Likewise, the Collective Bargaining Agreement and the Annuity Trust Agreement each provide that annuity contributions and payments to the Annuity Fund shall be due and payable in San Francisco, California or such other place designated by the Trustees.  Schumacher Decl. ¶ 7; Collective Bargaining Agreement, Ex. A to Schumacher Decl. at Section 17(1); Annuity Trust Agreement, Ex. C to Schumacher Decl. at Article IV, Section 2; Article IX, Section 11.

Finally, the Collective Bargaining Agreement and the Health and Welfare Trust Agreement each provide that health and welfare contributions and payments to the Health and Welfare Fund shall be due and payable in San Francisco, California or such other place designated by the Trustees.  Schumacher Decl. ¶ 8; Collective Bargaining Agreement, Ex. A to Schumacher Decl. at Section 15(1); Health and Welfare Trust Agreement, Ex. D to Schumacher Decl. at Article IV, Section 1; Article X, Section 6.

Plaintiffs filed an action for breach of contract, damages, and breach of fiduciary duty against Defendant for Defendant's failure to pay the full amount of fringe benefit contributions to Plaintiff Trust Funds as the Collective Bargaining Agreement and the Trust Agreements required for the period of January 1, 1999 through September 30, 2006.  For this period, Employer contributions to the Pension Fund, Annuity Fund, and Health and Welfare Fund were due and payable in San Francisco, California.  Schumacher Decl. ¶ 9.  Because Defendant's payments and delinquencies, which were due and payable in San Francisco, are the events and omissions that gave rise to this action, the action arose in San Francisco.

The Local Rule makes clear that intradistrict assignment turns on where the events or omissions giving rise to the action took place.  Thus, the location of Defendant's office, which is

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

PLAINTIFFS' OPPOSITION TO MOTION FOR INTRADISTRICT TRANSFER
Case No. CV 0801757

1  the only basis upon which Defendant's motion relies, is wholly irrelevant.  Because the action

2  arose in San Francisco, the San Francisco Division is the proper location for this case.

3  Accordingly, the Court should deny Defendant's motion.

4  **B.     THE SAN FRANCISCO DIVISION IS THE PROPER LOCATION FOR THIS**
   **CASE BECAUSE THE PARTIES CONTRACTUALLY AGREED TO BRING THIS**
5  **ACTION IN THE CITY AND COUNTY OF SAN FRANCISCO.**

6        Defendant is bound to the Pension Trust Agreement, Annuity Trust Agreement, and Health

7  and Welfare Trust Agreement, each of which provide:

8        Any payment required by a decision of the Board shall be due and payable
      in the City and County of San Francisco and any action or proceeding to
9     enforce or clarify such decision shall be brought in a court of competent
      jurisdiction in that City and County.
10

11  Schumacher Decl. ¶ 5; Pension Trust Agreement, Ex. B to Schumacher Decl. at Article X, Section

12  10.06; Annuity Trust Agreement, Ex. C to Schumacher Decl. at Article IX, Section 11; Health and

13  Welfare Trust Agreement, Ex. D to Schumacher Decl. at Article X, Section 6.

14        Because the parties contractually agreed that any action under the Trust Agreements would

15  be brought in the City and County of San Francisco, the San Francisco Division is the proper

16  location for this case.  It would be contrary to the Trust Agreements to transfer the case to the San

17  Jose Division.  Accordingly, the Court should deny Defendant's motion.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

1

## IV. <u>CONCLUSION</u>

2

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's

3
motion for intradistrict transfer.

4
Dated: May 22, 2008

5
                                      WEINBERG, ROGER & ROSENFELD
A Professional Corporation

6

7
                                  By:     /s/
                                  LINDA BALDWIN JONES

8
                                  Attorneys for Plaintiffs

9

10
                                  By:     /s/
                                  KRISTINA M. ZINNEN

11
                                  Attorneys for Plaintiffs

12
117866/493857

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -

PLAINTIFFS' OPPOSITION TO MOTION FOR INTRADISTRICT TRANSFER
Case No. CV 0801757