1   LINDA BALDWIN JONES, Bar No. 178922
    ANDREA LAIACONA, Bar No. 208742
2   KRISTINA M. ZINNEN, Bar No. 245346
    WEINBERG, ROGER & ROSENFELD
3   A Professional Corporation
    1001 Marina Village Parkway, Suite 200
4   Alameda, California 94501-1091
    Telephone 510.337.1001
5   Fax 510.337.1023
    E-mail: courtnotices@unioncounsel.net
6
    Attorneys for Plaintiffs
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       (SAN FRANCISCO DIVISION)

11
    PAUL BENSI, BART FLORENCE, JERRY        ) No. CV 0801757
12  KALMAR, and LYLE SETTER, in             )
    their capacities as Trustees of the     )
13  STATIONARY ENGINEERS LOCAL 39          )
    PENSION TRUST FUND; STATIONARY         ) **DECLARATION OF MICHAEL**
14  ENGINEERS LOCAL 39 ANNUITY TRUST       ) **SCHUMACHER IN SUPPORT OF**
    FUND; and STATIONARY ENGINEERS         ) **PLAINTIFFS' OPPOSITION TO**
15  LOCAL 39 HEALTH AND WELFARE TRUST      ) **MOTION FOR INTRADISTRICT**
    FUND,                                   ) **TRANSFER**
16                                          )
              Plaintiffs,                    )
17                                          )
         vs.                                 ) Date:  June 12, 2008
18                                          ) Time:  2:00 p.m.
    AC SERVICE & DESIGN COMPANY, a         ) Judge: Honorable Claudia Wilkens
19  California Corporation,                 )
                                            )
20            Defendant.                     )
                                            )
21  _____ ) Civil Local Rule 3-2

22        I, MICHAEL SCHUMACHER, declare:

23        1.    I am Executive Vice President of Associated Third Party Administrators

24  (hereinafter "ATPA") and am the Fund Manager for several trust funds, including the Stationary

25  Engineers Local 39 Pension Trust Fund (hereinafter "Pension Fund"), Stationary Engineers Local

26  39 Annuity Trust Fund (hereinafter "Annuity Fund"), and Stationary Engineers Local 39 Health

27  and Welfare Trust Fund (hereinafter "Health and Welfare Fund"), the Plaintiffs in the above-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 1 -

DECLARATION OF MICHAEL SCHUMACHER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION
FOR INTRADISTRICT TRANSFER
Case No. CV 0801757

1   captioned matter.  My business address is 1640 South Loop Road, Alameda, California, 94502, and

2   my business telephone number is (510) 337-3330.  I have worked for ATPA for 27 years.  In the

3   course of my duties as the Fund Manager, I became familiar with the account of AC Service &

4   Design Company (hereinafter "Defendant"), the Defendant in this proceeding.  I therefore have

5   personal knowledge of the matters stated herein and could competently testify to them if called

6   upon to do so at trial.

7       2.      As part of the normal course of business, my office maintains copies of all trust

8   agreements, collective bargaining agreements, and other related documents.  I am familiar with

9   these documents.

10      3.      At all relevant times, Defendant was signatory and bound to a written collective

11  bargaining agreement with the International Union of Operating Engineers, Stationary Engineers,

12  Local 39 (hereinafter "Union"), a labor organization within the meaning of Section 301 of the

13  Labor Management Relations Act, 29 U.S.C. Section 185.  Defendant became subject to all the

14  terms and conditions of the Collective Bargaining Agreement by signing the Collective Bargaining

15  Agreement with the Union.  A true and correct copy of the relevant sections of the Collective

16  Bargaining Agreement is attached hereto as Exhibit "A" and is incorporated by reference herein.

17      4.      By signing the Collective Bargaining Agreement, Defendant became subject to the

18  Pension Trust Fund Agreement and Declaration of Trust (hereinafter "Pension Trust Agreement"),

19  the Trust Agreement Establishing the Stationary Engineers Local 39 Annuity Trust Fund

20  (hereinafter "Annuity Trust Agreement"), and the Stationary Engineers Local 39 Welfare Fund

21  Trust Agreement (hereinafter "Health and Welfare Trust Agreement").  True and correct copies of

22  the relevant sections of the Pension Trust Agreement, Annuity Trust Agreement, and Health and

23  Welfare Trust Agreement are attached hereto as Exhibit "B," Exhibit "C," and Exhibit "D,"

24  respectively, and are incorporated by reference herein.

25      5.      The Pension Trust Agreement, Annuity Trust Agreement, and Health and Welfare

26  Trust Agreement each provide:

27          Any payment required by a decision of the Board shall be due and payable
            in the City and County of San Francisco and any action or proceeding to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

28

- 2 -

DECLARATION OF MICHAEL SCHUMACHER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION
FOR INTRADISTRICT TRANSFER
Case No. CV 0801757

1  enforce or clarify such decision shall be brought in a court of competent
2  jurisdiction in that City and County.

3  Pension Trust Agreement, Ex. B at Article X, Section 10.06; Annuity Trust Agreement, Ex. C at

4  Article IX, Section 11; Health and Welfare Trust Agreement, Ex. D at Article X, Section 6.

5       6.    The Collective Bargaining Agreement and the Pension Trust Agreement each

6  provide that pension contributions and payments to the Pension Fund shall be due and payable in

7  San Francisco, California or such other place designated by the Trustees.  See, Collective

8  Bargaining Agreement, Ex. A at Section 16(1); Pension Trust Agreement, Ex. B at Article IV,

9  Section 4.01; Article X, Section 10.06.

10       7.    The Collective Bargaining Agreement and the Annuity Trust Agreement each

11  provide that annuity contributions and payments to the Annuity Fund shall be due and payable in

12  San Francisco, California or such other place designated by the Trustees.  See, Collective

13  Bargaining Agreement, Ex. A at Section 17(1); Annuity Trust Agreement, Ex. C at Article IV,

14  Section 2; Article IX, Section 11.

15       8.    The Collective Bargaining Agreement and the Health and Welfare Trust Agreement

16  each provide that health and welfare contributions and payments to the Health and Welfare Fund

17  shall be due and payable in San Francisco, California or such other place designated by the

18  Trustees.  See, Collective Bargaining Agreement, Ex. A at Section 15(1); Health and Welfare Trust

19  Agreement, Ex. D at Article IV, Section 1; Article X, Section 6.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

DECLARATION OF MICHAEL SCHUMACHER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION
FOR INTRADISTRICT TRANSFER
Case No. CV 0801757

1    9.    For the period of January 1, 1999 through September 30, 2006, Employer

2  contributions to the Pension Fund, Annuity Fund, and Health and Welfare Fund were due and

3  payable in San Francisco, California.

4    I declare under penalty of perjury that the foregoing is true and correct to the best of my

5  knowledge and if called as a witness I could competently testify thereto.

6    Executed this 22 day of May 2008, at Oakland, California.

7

8    MICHAEL SCHUMACHER

9

10  117866/493855

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

28

DECLARATION OF MICHAEL SCHUMACHER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION
FOR INTRADISTRICT TRANSFER



COPY

## *COLLECTIVE BARGAINING AGREEMENT*

### *by and between*

### *AC Service & Design Company*

### *and*

### *The International Union of Operating Engineers, Stationary Engineers, Local 39*



### *November 1, 2004 – October 31, 2008*

**EXHIBIT A**

## SECTION 15.  HEALTH & WELFARE

1.  The Employer agrees to contribute into the Stationary Engineers Local 39 Health and Welfare Trust Fund, at its respective office in San Francisco, California, or such other designated place of payment as the Trustees of said Trust Fund may determine, the below listed amounts, per month, for each eligible employee as defined by this Agreement, for the purpose of providing such employee and his/her dependents with group life insurance, hospitalization, prescription drug, medical, vision, and dental benefits as are now in effect, or as may hereafter be specified by the Trustees of said Trust Fund.  The Employer further agrees to accept, assume and be bound by all of the obligations imposed upon Individual Employers by that certain Trust Agreement referred to for convenience as the "Stationary Engineers Local 39 Health and Welfare Trust Agreement" as said Trust Agreement may now exist or may hereafter be amended (a copy of which has been delivered to the Employer and receipt of which is expressly acknowledged) and further agrees to be bound by any amendments, modifications, changes or mergers with respect to said Trust Agreement made by the parties thereto.  Effective November 1, 2004, the monthly contribution shall be the amount of seven hundred and ninety dollars and no cents ($790.00), plus .77 times the engineer's hourly rate of pay.

2.  The above contributions shall be made on or before the tenth (10th) day of each month, for each employee employed for a period of not less than eighty (80) hours during the preceding calendar month.

3.  The undersigned further agrees that he or it does irrevocably designate and appoint the Employers mentioned in said Health and Welfare Trust as his or its attorneys-in-fact for the selection, removal and substitution of trustees, as provided for in said Trust Agreements and as may be hereinafter provided by or pursuant to said Trust Agreements.

4.  In the event that the Trustees of the Stationary Engineers Local 39 Health & Welfare Trust determine that the current contribution amount or the amount referred to in this Agreement is insufficient to provide the benefits then in effect, the Employer herein agrees to pay such further amount as may be necessary in the decision of the Trustees to maintain the then current level of benefits for the life of the Agreement as determined by the Board of Trustees.

5.  In the event the individual Employer herein fails to pay the amounts of Trust Fund contributions due and owing for the period in which they are due and owing, the individual Employer shall pay, in addition to the amounts due as contributions, such additional liquidated damages and/or attorney's fees as are set forth in the Trust Agreement to which the individual Employer is bound.

6.    In the event of accident, illness, or layoff of any employee with ninety (90) days or more of employment, the Employer will continue the monthly payments for the employee and his dependents for a period not to exceed three (3) months.

## SECTION 16. PENSION PLAN

1.    The Employer agrees to contribute into the Stationary Engineers Local 39 Pension Trust Fund, at its respective office in San Francisco, California, or such other designated place of payment, the following amounts.

> Effective 11/01/04 - $3.35/hr.
> Effective 11/01/05 - $3.55/hr.
> Effective 11/01/06 - $3.60/hr.
> Effective 11/01/07 - $3.75/hr.

for all straight-time hours worked or paid for.

2.    The above contributions shall be made on or before the tenth (10th) day of each month, for Pension Benefits, programs and plans, as now specified, and as may be hereafter specified by said Trustees. The Employer agrees to accept, assume and be bound by all of the obligations imposed on individual employers by that certain Trust Agreement referred to for convenience as the Stationary Engineers Local 39 Pension Trust Agreement (a copy of which has been delivered to the Employer and receipt of which is expressly acknowledged) and any amendments, modifications, changes or mergers with respect to said Trust Agreement made by the parties thereto.

3.    The undersigned further agrees that he or it does irrevocably designate and appoint the employers mentioned in said Pension Trust as his or its attorneys-in-fact for the selection, removal, and substitution of Trustees as provided for in said Trust Agreement and as may be hereinafter provided by or pursuant to said Trust Agreements.

4.    In the event that the individual Employer herein fails to pay the amounts of Trust Fund contributions due and owing for the period in which they are due and owing, the individual Employer shall pay in addition to the amounts due and as contributions, such additional liquidated damages and/or attorneys' fees as are set forth in the Trust Agreement to which the individual Employer is bound.

## SECTION 17. ANNUITY

1.    The employer agrees to contribute into the Stationary Engineers Local 39 Defined Contribution Annuity Trust Fund, at its respective office in San

Francisco, California, or such other designated place of payment, the following amounts:

Effective 11/01/04 - $1.45/hr.

for all straight-time hours worked or paid for.

2.   The above contribution shall be made on or before the tenth (10th) day of each month, for Annuity Benefits, programs and plans, as now specified, and as may be hereafter specified by said Trustee. The Employer agrees to accept, assume and be bound by all of the obligations imposed on individual employers by that certain Trust Agreement referred to for convenience as the Stationary Engineers Local 39 Annuity Trust Agreement (a copy of which has been delivered to the Employer and receipt of which is expressly acknowledged) and any amendments, modifications, changes or mergers with respect to said Trust Agreement made by the parties thereto.

3.   The undersigned further agrees that he or it does irrevocably designate and appoint the Employers mentioned in said Annuity Trust as his or its attorneys-in-fact for the selection, removal, and substitution of Trustees as provided for in said Trust Agreement and as may be hereinafter provided by or pursuant to said Trust Agreements.

4.   In the event the individual Employer herein fails to pay the amounts of Trust Fund contributions due and owing for the period in which they are due and owing, the individual Employer shall pay in addition to the amounts due as contributions, such additional liquidated damages and/or attorneys' fees as are set forth in the Trust Agreement to which the individual Employer is bound.

## SECTION 18.  SICK LEAVE

1.   Each employee shall be given sick leave on the basis of twelve (12) days per year. The maximum accumulation for each employee is fifty (50) days.

2.   In the event of illness or accident not involving hospitalization, no payment shall be made for the first workday's absence, with full pay at the regular straight time daily rate commencing with the second day until the sick leave allowance is used up. However the sick benefit allowance for an illness or accident shall commence with the first work day's absence if the employee has thirty-five (35) or more days of accumulated sick leave.

3.   In the event of illness or accident not involving hospitalization, payment shall be made commencing with the first workday's absence providing the illness or accident has exceeded five (5) consecutive days. However the sick benefit

ACService04

10

AC SERVICE & DESIGN COMPANY

INTERNATIONAL UNION OF OPERATING
ENGINEERS, STATIONARY ENGINEERS,
LOCAL 39

By: _Bill Eshelman_____

_Jerry Kalmar_____
Jerry Kalmar, Business Manager

By: _____

_Madison J Bland Jr_____
Madison Bland, President

_9/29/05_____
Date

_James C. Mason_____
James C. Mason, Business Representative

COPY



# STATIONARY ENGINEERS LOCAL 39

# PENSION TRUST FUND
## AGREEMENT AND DECLARATION OF TRUST

### (As Amended 1975)

**EXHIBIT B**

Any Trustee so removed shall be fully discharged from all future responsibilities or duties herein.

3.10  Any Employer Trustee may be removed at any time by a notice in writing from the majority of Employer Trustees directed to the Chairman of the Trustees at their regular place of meeting.  Any Trustee so removed shall be fully discharged from all future responsibilities or duties herein.

3.11  The Trustees shall serve without compensation from the Trust Fund.

## ARTICLE IV

## CONTRIBUTIONS TO THE FUND

4.01  Contributions to the Fund shall be due as provided in the applicable Collective Bargaining Agreements obligating the participating Employer to make contributions to the Stationary Engineers Pension Fund, and shall be payable in San Francisco, California or at such other location as may from time to time be designated by the Trustees, in regular monthly installments subject to the provisions of the applicable Collective Bargaining Agreement.  Each monthly contribution shall be made by check payable to the order of the Fund and transmitted to such bank in the City and County of San Francisco or such location as may otherwise be designated by the Trustees in a manner as the Board of Trustees may from time to time direct.  Each monthly contribution shall be accompanied by a report in a form prescribed by the Board.  The acceptance and cashing of any of said checks, and the disposition of the monies covered thereby in accordance with this Agreement, shall not release or discharge the Individual Employer from his or its obligations under the Collective Bargaining Agreement for hours worked or paid for under said Agreement for which no contribution has actually been received by the Fund, notwithstanding any statement, restriction or qualification appearing on the check or any attachment thereto.  The Board of Trustees established by this Trust Agreement shall have the right, title and interest in and to all contributions in the accounts maintained by any Predecessor Plan or due and payable to any Predecessor Fund subject only to the rights of Employees and their beneficiaries as provided in this Trust Agreement and shall have the right to collect, assess, process and continue in effect all of the contributions, liquidated damages and other sums due and payable to any Predecessor Fund.

4.02  Each contribution to the Fund shall be made promptly, in such installments and at such times as the Board of Trustees shall from time to time direct.  The parties recognize and acknowledge that the regular and prompt payment of amounts due by Employers to the Fund is essential to the maintenance in effect of the Pension Fund, and that it would be extemely difficult, if not impracticable, to fix the actual expenses and damage to the Fund and to the Pension Plan which will result from the failure of any Employer to make such monthly payments in full within the time provided.  Therefore, it is agreed that the amount of damage to the Fund and the Pension Plan resulting from any such failure shall be, by way of liquidaed  damages, and not as a penalty, the sum of Twenty Dollars ($20.00) for such failure to pay in full within the time provided  or 10% of the amount due and unpaid, whichever is the greater, which

amount shall become due and payable to the Fund in San
Francisco or at such other place as designated by the Trustees
upon the day immediately following the date upon which the
Employer became delinquent and shall be added to and become
a part of said amount due and unpaid and the whole thereof
shall bear interest at the rate of 7% per annum until paid.
Such contributions, as thus increased, shall be the payments
specified in this Trust Agreement and the Plan pursuant
to ERISA as required to be made to the Fund.

4.03  The Board of Trustees shall have the right,
authority and duty, in the name of the Fund or otherwise,
as in its discretion may be deemed necessary or desirable,
to demand and enforce the prompt payment of contributions
to the Fund, including payments due to delinquencies as
provided in Section 2 of this Article, without being limited
or restricted by an grievance or arbitration procedures
provided in a Collective Bargaining Agreement.  If any
Individual Employer defaults in the making of any such con-
tributions or payments and if the Board consults legal counsel
with respect thereto, or files any suit or claim with respect
thereto, there shall be added to the obligation of the
Individual Employer who is in default, reasonable attorneys
fees, court costs and all other reasonable expenses incurred
in connection with such suit or claim, including any and all
appellate proceedings therein.  Effective upon any such
default or delinquency, the Employees, individually and
collectively, assign to the Board for collection purposes,
all of their rights, title and interest in and to said
contributions and other payments, and confer upon and grant
to the Board all rights of action, lien rights, preferences,
priorities or other security or rights they may have in
connection with or relating to such contributions and payments,
including the right and authority to file claims in bankruptcy,
liens and any and all other kinds of claims, demands or actions.
No provision of this Section or any other Section of this
Agreement shall interfere with or qualify the right of the
Unions and their representatives to enforce compliance with
the terms and provisions of any of the Collective Bargaining
Agreements or to assist in the processing of claims before the
Labor Commissioner or any other claims for the payment of sums
due the Plan.


## ARTICLE V

### GENERAL PROVISIONS CONCERNING THE PLAN

5.01  The Plan is established for the benefit of the
Employees and their eligible dependents.  The restrictions
imposed by the Plan upon the use and enjoyment by the Employees
of the monies contributed by the Individual Employers are for
the purpose of accomplishing this objective, and are voluntarily
assumed and agreed to by the Employees for this purpose.

5.02  In the establishment and maintenance of the Plan,
and in the execution of this Agreement, the Unions act for and
on behalf of the Employees and as their collective bargaining
representatives and agents, and every agreement or act of the
Unions in connection with the establishment, maintenance and
operation of the Plan shall be deemed to be and is the agree-
ment or act of the individual Employees, or individual employee,
concerned or affected by such agreement or action.

10.05  If any provision of this Trust Agreement, the Pension Plan, the rules and regulations made pursuant thereto, or any step in the administration of the Fund or the Pension Plan is held to be illegal or invalid for any reason, such illegality or invalidity shall not affect the remaining portions of the Agreement, the Plan or the rules and regulations, unless such illegality or invalidity prevents accomplishment of the objectives and purposes of the Agreement and the Plan.  In the event of any such holding, the Trustees will immediately remedy any such defects.

10.06  Any payment required by a decision of the Board shall be due and payable in the City and County of San Francisco and any action or proceeding to enforce or clarify such decision shall be brought in a court of competent jurisdiction in that City and County.  Any action or proceeding affecting the Fund, the Plan or the Trust hereby established shall be brought solely against the Fund as an entity, and solely by or on behalf of the claimant in the claims procedure established pursuant to Section 3 of this Article, and neither the Employers nor any Signatory Association or Individual Employer, the Unions, any Employee, any beneficiary or other person shall be entitled to notice of any such action or proceeding or to service of process therein.  Any final judgment entered in any such action or proceeding shall be binding upon all of the above-mentioned parties so long as such judgment does not attempt or purport to impose any personal liability upon or against any party not joined or not served in any such action or proceeding.

## ARTICLE XI

### SPECIAL POWERS OF THE BOARD OF TRUSTEES

11.01  The Board of Trustees may, by unanimous vote, coordinate its activities in the administration of the Fund and the Pension Plan with the administrative activities of the Board of Trustees of other trust funds and Pension Plans established or to be established for Operating Engineers in California to such extent as may be necessary or desirable to minimize costs, eliminate unnecessary bookkeeping and other expenses for the Employer and avoid or eliminate duplicating Employer contributions or insurance coverage with relation to the same Employee, and may for such purposes by agreement between the Board of Trustees and other board or boards of trustees transfer to and accept from such other board or boards of trustees money or credits in such amount or amounts, under such conditions as it may from time to time be determined by agreement with such other board or boards of trustees.

11.02  Any affiliated Union may become a Union hereunder by executing a written agreement accepting both this Agreement and Declaration of Trust and the Union Trustees hereto, and meeting any other requirements established by the Trustees.

11.03  Any Employer shall become an Employer hereunder by executing a written Pension Agreement providing for Employer contributions to the Trust Fund and accepting both this Agreement and the Declaration of Trust and Employer Trustees hereof and meeting any other requirements established by the Trustees.

11.04  The admission of any affiliated Union as a Union hereunder or any Employer as an Employer hereunder shall become effective upon acceptance by the Trustees of such affiliated Union or Employer as the case may be.

# TRUST AGREEMENT

## ESTABLISHING THE STATIONARY ENGINEERS LOCAL 39 ANNUITY TRUST FUND

This TRUST AGREEMENT, made and entered into as of January 1, 1982, by and between the EMPLOYERS WHO ARE PARTIES TO A COLLECTIVE BARGAINING AGREEMENT and hereinafter referred to as the "Employers" and STATIONARY ENGINEERS LOCAL 39, hereinafter referred to as the "Union," recites and provides as follows:

RECITALS:

1.  The Employers are parties to a Collective Bargaining Agreement with the Union which provides in part for the establishment of an Annuity Trust Fund, such monies to be placed in escrow until the trust is in place. These monies shall no longer be considered wages.

2.  In addition, various Individual Employers employing stationary engineers within the area covered by Local 39 are now or will become parties to Collective Bargaining Agreements with the Union providing that such Individual Employers will contribute to the Stationary Engineers Local 39 Annuity Trust Fund.

3.  Pursuant to collective bargaining, a Joint Employer-Union Subcommittee Negotiating the Stationary Engineers Local 39 Annuity Trust Fund (herein the "Subcommittee") was established upon which Employers and Union were equally represented and said Subcommittee has negotiated the details of this Trust Agreement and the rules and regulations of said Fund.

4.  Pending the completion of such negotiations the Subcommittee entered into an Agreement with Lloyds Bank providing for the payment of the contributions coming due under said Collective Bargaining Agreements for work on or after January 1, 1982, into an account with said Bank, known as the Stationary Engineers Local 39 Annuity Trust Fund, pending the execution of this Trust Agreement, and under said Agreement, contributions have been paid by Individual Employers into such account.

5.  The Subcommittee has agreed to the establishment of this trust, to be known as the Stationary Engineers Local 39 Annuity Trust Fund, which trust is designated by the Subcommittee as the Trust Fund and Annuity Plan.

6.  This trust is being created and the Annuity Plan implemented, each of which shall conform to the applicable requirements of the Labor-Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974, and be qualified pursuant to the applicable provisions of the Internal Revenue Code, as amended, for all available exemptions and immunities.

7.  The Subcommittee has negotiated the following terms and provisions as the terms and provisions of the trust agreement governing the establishment and administration of the Stationary Engineers Local 39 Annuity Trust Fund.

**EXHIBIT C**




The initial Employee Trustees shall be:

Art Viat
Stationary Engineers Local 39
337 Valencia Street
San Francisco, CA 94103
(415) 861-1135

Robert Hydorn
Stationary Engineers Local 39
337 Valencia Street
San Francisco, CA 94103
(415) 861-1135

Wm. Denevi
Stationary Engineers Local 39
337 Valencia Street
San Francisco, CA 94103
(415) 861-1135

## ARTICLE IV

Functions and Powers of Board of Trustees

Section 1. The Board of Trustees acting jointly shall have the power to control and manage the assets, operation and administration of the Fund and the Plan as a fiduciary and shall exercise such authority with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent Board acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; provided, however, that the Board may (a) appoint an investment manager or managers (as defined in ERISA) to manage (including the power to acquire and dispose of) any assets of the Fund, (b) enter into an agreement allocating among Trustees such specific responsibilities, obligations, or duties as the Board shall determine, after receiving and considering the written reports and recommendations of the consultant actuary, the investment counselor or investment manager and the qualified public accountant engaged by the Fund, may be properly so allocated, (c) designate pursuant to the same procedure persons other than named fiduciaries to carry out fiduciary responsbilities (other than Trustee responsibilities) under this Trust Agreement or the Plan, (d) employ one or more persons to render advice with regard to any responsibility the Board has under this Trust Agreement or Plan or (e) do any one or more of the foregoing. Any person or entity so appointed, designated or employed shall act solely in the interest of the participants and beneficiaries of the Fund and Plan.

The detailed basis on which annuity benefits are to be paid shall be as set forth in the Annuity Plan of the Stationary Engineers Local 39



Annuity Trust Fund. The Board of Trustees may at any time, and from time to time, amend or modify such Annuity Plan, except that no amendment or modification may reduce any benefits payable to Employees who retire prior to such amendment or modification so long as funds are available for payment of such benefits. In no event shall any amendment or modification of the Plan cause or result in any portion of the Fund reverting to, or being recoverable by, any of the Employees, any Signatory Association, any Individual Employer, the Union, or any Local Union, or cause or result in the diversion of any portion of the Fund to any purpose other than the exclusive benefit of Participants or their Beneficiaries under the Plan, the payment of the administrative expenses of the Fund and the Plan and the refund of employer contributions as permitted by applicable law.

Section 2. All Contributions to the Annuity Plan or the Fund shall be due and payable at San Francisco, California, and shall be paid to, received and held by the Fund subject to the trust established by this Trust Agreement and all the terms and provisions hereof. The acceptance and cashing of any checks for such Contributions, and the disposition of the monies covered thereby in accordance with this Trust Agreement, shall not release or discharge the Individual Employer from his or its obligations under the Collective Bargaining Agreement for hours compensated under said Agreement for which no Contribution has actually been received, notwithstanding any statement, restriction or qualification appearing on the check or any attachment thereto. The Board of Trustees may direct that any such check may be a single check covering monies payable to one or more other Funds and may join with the Boards of Trustees of such other Funds in instructing the Corporate Co-Trustee, if any exists, or a bank designated by the Board in another capacity with regard to the allocation of the monies covered by such check among the Funds. In such event the instructions so given shall be binding upon the Corporate Co-Trustee or bank, the Individual Employer, the Employees, the Employers, the Union and all other parties hereto.

Section 3. The Board of Trustees shall have the power in the name of the Fund or otherwise, as in its discretion may be deemed necessary or desirable, to demand and enforce, by suit in court or otherwise, the prompt payment of Contributions to the Fund, including payments due to delinquencies as provided in Section 10 of Article II, without being limited or restricted by any grievance or arbitration procedures provided in a Collective Bargaining Agreement, and to assert and enforce all priorities, lien rights, and other claims or rights with respect to any Contributions or payments belonging to the Fund, this Trust or any of its Participants or Beneficiaries, including the right to file priority and other claims in bankruptcy. If any Individual Employer defaults in the making of such Contributions or payments or defaults in the performance of its obligations under this Trust Agreement, and if the Board consults or causes to be consulted legal counsel with respect thereto, or files or causes to be filed any suit or claim with respect thereto, there shall be added to the obligation of the Individual Employer who is in default, reasonable attorneys fees, court costs and all other reasonable expenses incurred in connection with such suit or claim, including any and all appellate proceedings therein.



under this Article shall be subject to the grievance procedure or any other arbitration procedure provided in any of the Collective Bargaining Agreements.

## ARTICLE IX

### General Provisions

    <u>Section 1.</u>    Subject to the provisions of the Collective Bargaining Agreements, the rights and duties of all parties, including the Employers, the Signatory Associations, the Individual Employers, the Union and the Local Unions, the Participants and their Beneficiaries, and the Trustees, shall be governed by the provisions of this Trust Agreement and the Plan and any insurance policies or contracts procured or executed pursuant to this Trust Agreement.

    <u>Section 2.</u>    No Participant, Beneficiary or other person shall have any right or claim to benefits under the Plan other than as specified in the Plan.  Any and every claim to benefits from the Fund, and any claim or right asserted under the Plan or against the Fund, regardless of the basis asserted for the claim and regardless of when the act or omission upon which the claim is based occurred, shall be resolved by the Board of Trustees under and pursuant to the Plan and its decision with regard to the claim or right shall be final and binding upon all persons affected by the decision, subject only to such judicial review as shall be consistent with federal labor policy.  The Board of Trustees shall establish a procedure for the presentation, consideration and determination of any such claim or right, which procedure shall comply with ERISA.  No action may be brought for benefits under the Plan or to enforce any right or claim under the Plan or against the Fund until after the claim for benefits or other claim has been submitted to and determined by the Board in accordance with the procedure this established and thereafter the only action which may be brought is one to enforce the decision of the  Board or to clarify the rights of the claimant under such decision.  Neither the Employers, any Signatory Association, any Individual Employer, the Union nor any of the Trustees shall be liable for the failure or omission for any reason to pay any benefits under the Plan.

    <u>Section 3.</u>    Any notice required to be given under the terms of this Trust Agreement or the Plan shall be deemed to have been duly served if delivered personally to the person to be notified in writing, or if mailed in a sealed envelope, postage prepaid, to such person at his last known address as shown in the records of the Fund, or if sent by wire to such person at said last known address.

    <u>Section 4.</u>    This Trust Agreement shall be binding upon and inure to the benefit of all Individual Employers who are now of hereafter may become members of Employers or any Signatory Association or who become in any way a party to a Collective Bargaining Agreement and the heirs, executors, administrators, successors, purchasers and assigns of the Employers, any Signatory Association, and Individual Employer, the Union, any Local Unions and the Trustees.

**Section 5.**    All questions pertaining to this Trust Agreement, this Trust or the Plan, and their validity, administration or construction, shall be determined in accordance with the laws of the United States and any applicable laws of the State of California.

**Section 6.**    If any provision of this Trust Agreement, the Plan, the rules and procedures issued pursuant thereto, or any step in the administration of the Plan is held to be illegal or invalid for any reason, such illegality or invalidity shall not affect the remaining portions of the Trust Agreement, the Plan or the rules and procedures, unless such illegality or invalidity prevents accomplishment of the objectives and purpose of this Trust Agreement and the Plan.  In the event of any such holding,  the parties will immediately commence negotiations to remedy any such defect.

**Section 7.**    Except to the extent necessary for the proper administration of the Fund or the Plan, all books, records, papers, reports, documents or other information obtained with respect to the Fund or the Plan shall be confidential and shall not be made public or used for any other purposes.  Nothing in this section shall prohibit the preparation and publication of statistical data and summary reports with respect to the operations of the Fund and the Plan nor the co-operation with benefits funds or plans authorized by other provisions of this Trust Agreement.

**Section 8.**    In the establishment and maintenance of the Plan, and in the execution, amendment and implementation of this Trust Agreement, the Union acts for and on behalf of the Employees and as their collective bargaining representatives and agents, and every agreement or act of the Union in connection with the establishment, maintenance and operation of the Fund or the Plan shall be deemed to be and is the agreement or act of the Employee,  or Employees, concerned or affected by such agreement or action.

**Section 9.**    In the establishment and maintenance of the Plan, and in the execution, amendment and implementation of this Trust Agreement, the Employers act for and on behalf of the Individual Employers who, at the time of the execution of this Trust Agreement are, or during the term thereof become members of any of the Employers, or of any Signatory Association, and for and on behalf of any other Individual Employer who is required by any of the Collective Bargaining Agreements to make Contributions to the Fund or who in fact makes one or more Contributions to the Fund.  Every agreement or act of the Employers in connection with the establishment, maintenance and operation of the Fund or the Plan shall be deemed to be and is the agreement or act of the Individual Employers, or Individual Employer, concerned or affected by such agreement or action.

**Section 10.**    It is the intent and purpose of the parties that Contributions to the Fund shall  be at all times deductible by the Individual Employers for income tax purposes in the taxable year when paid, that benefits to Participants and their Beneficiaries shall be at all times taxable to them, if at all, only in the year such benefits are distributed or made available to such Participants or Beneficiaries and that the trust created hereby shall be at all times tax exempt.



Application for the qualification of the trust created by this Trust Agreement under the Internal Revenue Code shall be made as soon as practicable, and the parties and the Board of Trustees shall do whatever may be necessary to secure such qualification as soon as possible. If any administrative or judicial ruling holds that any provision of this Trust Agreement or of the Plan prevents or defeats the qualification of the trust as herein provided or any other objective stated in this Section, either under presently existing laws or regulations or under any laws or regulations hereafter enacted or adopted, or if for any reason it shall be necessary or desirable to amend this Trust Agreement or the Plan to accomplish any such objective, the parties will forthwith enter into negotiations with regard to the amendment of this Trust Agreement or the Plan in such respects as may be necessary to accomplish such qualification or other objective, consistently with the other objectives and purposes of this Agreement, and any such amendment shall be effective, insofar as practicable, as of the effective date of this Trust Agreement or of the Plan or as of the effective date of any such law or regulation hereafter enacted or adopted, as the case may require.

Section 11. Any payment required by a decision of the Board shall be due and payable in the City and County of San Francisco and any action or proceeding to enforce or clarify such decision shall be brought in a court of competent jurisdiction in that City and County. Any action or proceeding affecting the Fund, the Plan or the Trust hereby established shall be brought solely against the Fund as an entity, and solely by or on behalf of the claimant in the claims procedure established pursuant to Section 2 of this Article, and neither the Employer nor any Signatory Association or Individual Employer, the Union, any Local Union, any Participant or Beneficiary or other person shall be entitled to notice of any such action or proceeding or to service of process therein. Any final judgement entered in any such action or proceeding shall be binding upon all of the above mentioned parties so long as such judgement does not attempt or purport to impose any personal liability upon or against any party not joined or not served in any such action or proceeding.

## ARTICLE X

### Non-Member Employers

Section 1. Any Individual Employer who is not a member of or represented by Employers or a Signatory Association but who is performing work coming within the jurisdiction of the Union or Local Union may become a party to this Trust Agreement by executing in writing and depositing with the administrative office of the Board of Trustees his or its acceptance of this Trust Agreement, in a form acceptable to the Board.

Section 2. Any Individual Employer who executes and deposits any such written acceptance, or who in fact makes one or more Contributions to the Fund, assumes and shall be bound by all of the obligations imposed by This Trust Agreement upon the Individual Employer, is entitled to all rights under this Trust Agreement and is otherwise subject to it in all respects.

STATIONARY ENGINEERS, LOCAL 39

Welfare Fund
---------------

# T A B L E   O F   C O N T E N T S

|  |  | page |
|---|---|---|
| PARTIES TO AGREEMENT | .................................................... | 1 |
| RECITALS TO AGREEMENT | .................................................... | 1 |

ARTICLE I   Definitions

| | | |
|---|---|---|
| Section 1 | Collective Bargaining Agreement ............. | 1 |
| Section 2 | Fund ........................................ | 2 |
| Section 3 | Trust Agreement ............................. | 2 |
| Section 4 | Plan ........................................ | 2 |
| Section 5 | Individual Employer ......................... | 2 |
| Section 6 | Employee .................................... | 2 |
| Section 7 | Board of Trustees ........................... | 2 |
| Section 8 | Trustee ..................................... | 2 |
| Section 9 | Union ....................................... | 2 |
| Section 10 | Signatory Association ...................... | 2 |
| Section 11 | Contribution .............................. | 2 |
| Section 12 | Predessor Fund ........................... | 2 |
| Section 13 | Predecessor Plan.......................... | 2 |
| Section 14 | ERISA ..................................... | |

ARTICLE II   TRUST FUND

| | | |
|---|---|---|
| Section 1 | Establishment of Fund ....................... | 3 |
| Section 2 | Principal Office of Fund .................... | 3 |
| Section 3 | No Right to Contributions ................... | 3 |
| Section 4 | Rights of Parties ........................... | 3 |
| Section 5 | Nonassignability of Rights .................. | 3 |
| Section 6 | Limitation of Liability ..................... | 4 |
| Section 7 | Non-Liability for Debts ..................... | 4 |

**EXHIBIT D**

any of the Employers, and for and on behalf of any other Individual Employers who have heretofore agreed, or during the term thereof, agreed to comply with the wages, hours and working conditions of the Collective Bargaining Agreement. Every Agreement or act of the Employers in connection with the establishment, maintenance and operation of the Plan shall be deemed to be and is the Agreement or act of the Individual Employers, or Individual Employer, concerned or affected by such Agreement or action.

SECTION 4. The Trust Agreements establishing the Predecessor Funds and the Predecessor Plans are hereby terminated. The Board of Trustees established by this Trust Agreement is the successor to the Boards of Trustees which administered the Predecessor Funds and Plans and shall have, exercise and perform all of the powers and duties of such Boards. The administrative accounts and records maintained by any of such Predecessor Plans or Funds are hereby assigned and transferred to the Board of Trustees, Fund and Plan established by this Trust Agreement and said Board of Trustees and Fund shall assume full and complete responsibility therefor. The Board of Trustees established by this Trust Agreement as the successor to the Boards of Trustees of any Predecessor Funds shall have all rights, for the Employees and their beneficiaries shall have all rights, title and interest in and to all monies and assets of the Predecessor Funds or accounts maintained by said Funds, or due and payable to said Funds or accounts, subject only to the rights of Employees or their beneficiaries as provided in this Trust Agreement.

## ARTICLE IV

### CONTRIBUTIONS TO THE FUND

SECTION 1. Contributions to the Fund shall be due as provided in the applicable Collective Bargaining Agreements obligating the participating Employer to make contributions to the Stationary Engineers Welfare Fund, and shall be payable in San Francisco, California or at such other location as may from time to time be designated by the Trustees, in regular monthly installments subject to the provisions of the applicable Collective Bargaining Agreement. Each monthly contribution shall be made by check payable to the order of the Fund and transmitted to such bank in the City and County of San Francisco or such location as may otherwise be designated by the Trustees in a manner as the Board of Trustees may from time to time direct. Each monthly contribution shall be accompanied by a report in a form prescribed by the Board. The acceptance and cashing of any of said checks, and the disposition of the monies covered thereby in accordance with this Agreement, shall not release or discharge the Individual Employer from his or its obligation under the Collective Bargaining Agreement for hours worked or paid for under said Agreement for which no contribution has actually been received by the Fund, notwithstanding any statement, restriction or qualification appearing on the check or any attachment thereto. The Board of Trustees established by this Trust Agreement shall have the right, title and interest in and to all contributions in the accounts maintained by any Predecessor Plan or due and payable to any Predecessor Fund subject only to the rights of Employees and their beneficiaries as provided in this Trust Agreement and shall have the right to

-5-

collect, assess, process and continue in effect all of the contri-
butions, liquidated damages and other sums due or payable to any
Predecessor Fund.

SECTION 2. Each contribution to the Fund shall be made
promptly, in such installments and at such times as the Board of
Trustees shall from time to time direct. The parties recognize
and acknowledge that the regular and prompt payment of amounts due
by Employers to the Fund is essential to the maintenance in effect
of the Health & Welfare Plan, and that it would be extremely difficult,
if not impracticable, to fix the actual expense and damage to the Fund
and to the Health & Welfare Plan which will result from the failure of
any Employer to make such monthly payments in full within the time
provided. Therefore it is agreed that the amount of damage to the
Fund and the Health & Welfare Plan resulting from any such failure
shall be, by way of liquidating damages, and not as a penalty, the
sum of Twenty Dollars ($20.00) for such failure to pay in full within
the time provided or 10% of the amount due and unpaid, whichever is
the greater, which amount shall become due and payable to the Fund
in San Francisco or at such other place as designated by the Trustees
upon the day immediately following the date upon which the Employer
became delinquent and shall be added to and become a part of said
amount due and unpaid and the whole thereof shall bear interest at
the rate of 7% per annum until paid. Such Contributions, as thus
increased, shall be the payments specified in this Trust Agreement
and the Plan pursuant to ERISA as required to be made to the Fund.

SECTION 3. The Board of Trustees shall have the right,
authority and duty, in the name of the Fund or otherwise, as in its
discretion may be deemed necessary or desirable, to demand and enforce
the prompt payment of Contributions to the Fund, including payments
due to delinquencies as provided in Section 2 of this Article,
without being limited or restricted by any grievance or arbitration
procedures provided in a Collective Bargaining Agreement. If any
Individual Employer defaults in the making of any such contributions
or payments and if the Board consults legal counsel with respect
thereto, or files any suit or claim with respect thereto, there shall
be added to the obligation of the Individual Employer who is in de-
fault, reasonable attorneys fees, court court costs and all other
reasonable expenses incurred in connection with such suit or claim,
including any and all appellate proceeding therein. Effective upon
any such default or delinquency, the Employees, individually and
collectively, assign to the Board for collection purposes, all of
their rights, title and interest in and to said contributions and
other payments, and confer upon and grant to the Board all rights of
action, lien rights, preferences, priorities or other security or
rights they may have in connection with or relating to such contri-
butions and payments, including the right and authority to file claims
in bankruptcy, liens and any and all other kinds of claims, demands
or actions. No provision of this Section or any other Section of
this Agreement shall interfere with or qualify the right of the Unions
and their representatives to enforce compliance with the terms and
provisions of any of the Collective Bargaining Agreements or to assist
in the processing of claims before the Labor Commissioner or any
other claims for the payment of sums due the Plan.

cost of attorneys other than Fund attorneys selected pursuant to this Agreement) shall be a proper charge against the Fund. No expense shall be deemed reasonable under this Section unless and until approved by the Board of Trustees.

SECTION 4. No matter in connection with the interpretation of enforcement of any Collective Bargaining Agreement shall be subject to arbitration under this Article. No matter which is subject to arbitration under this Article shall be subject to the grievance procedure or any other arbitration procedure provided in any of the Collective Bargaining Agreements.

## ARTICLE X

## GENERAL PROVISIONS

SECTION 1. In the event the Board of Trustees procure a policy or policies of insurance or enter into a contract or contracts providing for benefits, no Employee or other beneficiary shall have any right or claim to benefits under the Health and Welfare Plan, except as specified in such policy or policies, or contract or contracts. No employee, or other beneficiary or person shall have any right or claim to benefits under the Plan other than as specified in the Plan. Any and every claim or right asserted under the Plan or against the Fund, regardless of the basis asserted for the claim and regardless of when the act or omission upon which the claim is based occurred, shall be resolved by the Board of Trustees under and pursuant to the Plan and its decision with regard to the claim or right shall be final and binding upon all persons affected by the decision. The Board of Trustees shall establish a procedure for the presentation, consideration and determination of any such claim or right, which procedure shall comply with ERISA. No action may be brought for benefits under the Plan or to enforce any right or claim under the Plan or against the Fund until after the claim for benefits or other claim has been submitted to and determined by the Board in accordance with the procedure thus established and thereafter the only action which may be brought is one to enforce the decision of the Board or to clarify the rights of the claimant under such decision. Neither the Employers, any Signatory Association, any Individual Employer, the Unions, nor any of the Trustees shall be liable for the failure or omission for any reason to pay any benefits under the Plan.

SECTION 2. Any notice required to be given under the terms of this Agreement shall be deemed to have been duly given if delivered personally to the person to be notified in writing, or if mailed in a sealed envelope, postage prepaid, to such person at his last known address as shown in the records of the Fund, or is sent by wire to such person at said last known address.

SECTION 3. This Agreement shall be binding upon and inure to the benefit of all Employers and the heirs, executors, administrators, successors, purchasers and assigns of the Employers, and the Employees and beneficiaries, the Union and the Trustees.

SECTION 4. All questions pertaining to this Agreement, the Fund or the Health and Welfare Plan, and their validity, administration and construction, shall be determined in accordance with the laws of the State of California and with any pertinent laws of the United States.

SECTION 5. If any provision of this Trust Agreement, the Health and Welfare Plan, the rules and regulations made pursuant thereto, or any step in the administration of the Fund or the Health and Welfare Plan is held to be illegal or invalid for any reason, such illegality or invalidity shall not affect the remaining portions of the Agreement, the Plan or the rules and regulations, unless such illegality or invalidity prevents accomplishment of the objectives and purposes of the Agreement and the Plan. In the event of any such holding, the Trustees will immediately remedy any such defects.

SECTION 6. Any payment required by a decision of the Board shall be due and payable in the City and County of San Francisco and any action or proceeding to enforce or clarify such decision shall be brought in a court of competent jurisdiction in that City and County. Any action or proceeding affecting the Fund, the Plan or the Trust hereby established shall be brought solely against the Fund as an entity, and solely by or on behalf of the claimant in the claims procedure established pursuant to Section 3 of this Article, and neither the Employers nor any Signatory Association or Individual Employer, the Unions, any Employee, any beneficiary or other person shall be entitled to notice of any such action or proceeding or to service of process therein. Any final judgment entered in any such action or proceeding shall be binding upon all of the above-mentioned parties so long as such judgment does not attempt or purport to impose any personal liability upon or against any party not joined or not served in any such action or proceeding.

## ARTICLE XI

## SPECIAL POWERS OF THE BOARD OF TRUSTEES

The Board of Trustees may, by unanimous vote, coordinate its activities in the administration of the Fund and the Health and Welfare Plan with the administrative activities of the Boards of Trustees of other trust funds and health and welfare plans established or to be established for Operating Engineers in California to such extent as may be necessary or desirable to minimize costs, eliminate unnecessary bookkeeping and other expenses for the Employers and avoid or eliminate duplicating Employer contributions or insurance coverage with relation to the same Employee, and may for such purposes by agreement between the Board of Trustees and other board or boards of trustees transfer to and accept from such other board or boards of trustees money or credits in such amount or amounts, under such conditions as it may from time to time be determined by agreement with such other board or boards of trustees.

## ARTICLE XII

## AMENDMENT AND TERMINATION

SECTION 1. The provisions of this Trust Agreement may be amended or modified at any time, and from time to time, by the Trustees.

SECTION 2. In no event shall the Trust established by this Agreement continue for a longer period than is permitted by law.