Phillip M. Sims  (SBN: 51590)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA 95113
(408) 998-3400

Attorneys for Defendant
AC Service and Design Company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Bensi, Bart Florence, Jerry Kalmar, and Lyle Setter, in their capacities as Trustees of the STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND; STATIONARY ENGINEERS LOCAL 39 ANNUITY TRUST FUND; and STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE TRUST FUND, <br><br> Plaintiff, <br><br> v. <br><br> AC SERVICE & DESIGN COMPANY, A California Corporation, <br><br> Defendant. | Case No: CV 0801757-CW <br><br> REPLY TO OPPOSITION MOTION FOR INTRA-DISTRICT TRANSFER <br><br> DATE:   June 12, 2008 <br> TIME:   2:00 p.m. <br> JUDGE:  Honorable Claudia Wilken |

<u>DISCUSSION</u>

**1. DEFENDANT'S ALLEGED INACTIONS, UPON WHICH PLAINTIFFS PARTLY BASE THEIR OPPOSITION TO AN INTRA-DISTRICT TRANSFER ON, OCCURRED IN SAN JOSE, NOT SAN FRANCISCO.**

Plaintiffs allege that Defendant, pursuant to a Collective Bargaining Agreement and various trust fund agreements entered into by both parties, failed to make timely and adequate fringe benefit contributions to the aforementioned funds.  These failed contributions were to be made to the Fund accounts located in San Francisco and it is upon this presumption that the Plaintiffs have partly based its claim to have the matter heard and tried before the San Francisco Division of the District Court for the Northern District of California.

Reply to Opp. Motion for Intra-district Transfer  CV0801757      1

1      Despite the Plaintiffs' contentions however, Defendant's alleged omissions of action did not
2 occur in San Francisco. Rather, "the [alleged] omission which gives rise to the [Plaintiff's] claim"*,*
3 Defendant's failure to transferring money or submitting a check to the aforementioned funds,
4 occurred in San Jose. *Civil Local Rule 3-2(c)* Contrary to Plaintiff's dismissive finding, the
5 Defendant's place of business being in San Jose is not "wholly irrelevant." It is precisely at the
6 Defendant's place of business in San Jose where the alleged inaction at the heart of this matter
7 occurred.. Whatever contributions Defendant did or did not allegedly make, occurred at the
8 Defendant's place of business in San Jose.

9      Plaintiff's attempt to focus the court's attention on where contributions to the Pension Trust
10 Agreement Fund, the Annuity Trust Agreement Fund and the Health and Welfare Trust Agreement
11 funds ignores the fact that the omission upon which this action has arose stems from Defendant's
12 alleged inaction in San Jose. As such, the location of where these fund contribution did or should
13 have been made, is irrelevant.  As such, the San Jose Division of the District Court of the Northern
14 District of California is the proper location to hear the matter.

**2. DESPITE THE AGREEMENT ENTERED INTO BY BOTH PARTIES, THE MATTER SHOULD STILL BE MOVED TO SAN JOSE.**

17      Though Defendant had, over ten years prior, agreed to resolve matters that arise from the
18 aforementioned funds in San Francisco,  the matter should still be moved to the San Jose Division
19 for a number of reasons. First, the contract at issue between the parties  was formed and entered into
20 in Santa Clara County. Secondly, the defendant resided in Santa Clara County when the contract was
21 formed. Third, the Defendant resides in Santa Clara County currently. Lastly, the Defendant has no
22 connections whatsoever with the San Francisco Division aside from this single contract entered into
23 with the said plaintiffs over a decade ago. .

CONCLUSION

25 Being that  Plaintiff's opposition motion to the intra-district transfer fails to convincingly show that
26 the proper venue in the matter is San Francisco, Defendant respectfully requests that this matter  be
27 moved to SanJose Division of the Northern Court of the U.S. District Court.

28

Reply to Opp. Motion for Intra-district Transfer  CV0801757      2

1
2                                             Respectfully submitted,

3                                             SIMS & LAYTON

4  Dated _____    By: _____
5                            PHILLIP M. SIMS, Attorney for
                             Defendant AC Service & Design.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Reply to Opp. Motion for Intra-district Transfer  CV0801757    3