United States District Court
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  PAUL BENSI, et al.,                    No. C 08-1757 CW

12          Plaintiffs,                    ORDER DENYING
                                           DEFENDANT'S MOTION
13      v.                                 FOR INTRA-DISTRICT
                                           TRANSFER
14  AC SERVICE AND DESIGN COMPANY, A
    California Corporation,

15          Defendant.

16  _____/

17

18      Defendant moves to transfer this case to the San Jose Division

19  of the Northern District of California.  Plaintiffs oppose the

20  motion.  The matter was taken under submission on the papers.

21      Pursuant to Local Civil Rule 3-2, all civil actions that arise

22  in the county of Santa Clara "shall be assigned to the San Jose

23  Division," L.R. 3-2(e), whereas all civil actions that arise in the

24  county of San Francisco "shall be assigned to the San Francisco

25  Division or the Oakland Division," L.R. 3-2(d).  "A civil action

26  arises in the county in which a substantial part of the events or

27  omissions which give rise to the claim occurred or in which a

28  substantial part of the property that is the subject of the action

is situated."  L.R. 3-2(c).  "Whenever a Judge finds . . . that a civil action has not been assigned to the proper division within this district, . . . or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer . . . ."  L.R. 3-2(f).

This action arises from a collective bargaining agreement and several subsidiary agreements pursuant to which Defendant was required to make periodic payments to a number of trust funds. Although Defendant maintains that the collective bargaining agreement was negotiated and entered into in Santa Clara county, it is undisputed that the contracts provide that all payments are due and owing in San Francisco county.  In addition, the agreements contain a clause providing that any action to force Defendant to satisfy its payment obligations must be brought in the County of San Francisco.

Defendant argues that the omission giving rise to the cause of action -- i.e., its alleged failure to make the required payments -- occurred where it was located at the time it failed to pay. Because Defendant is located in Santa Clara county, it argues, the action arose in that county.  It is admittedly difficult to pinpoint the location of an omission, and Defendant's suggestion is at least plausible.  But a better approach here would be to consider the locus of the omission as the place where the unperformed act would have occurred but for the omission -- i.e., San Francisco county, the place where Defendant's payment was due and owing.

2

1    Because this action arose, at least in part, in the County of

2  San Francisco, its assignment to the Oakland division comports with

3  the provisions of Local Rule 3-2.[1]  Accordingly, Defendant's motion

4  is DENIED.  The hearing currently scheduled for June 12, 2008 is

5  VACATED.

6    IT IS SO ORDERED.

7

8  Dated:  6/12/08

9                                        CLAUDIA WILKEN
                                        United States District Judge

**United States District Court**
For the Northern District of California

[1]It is possible that a given action may arise from events or
omissions that took place in more than one county.  Nonetheless, if
the initial division assignment is proper, there is nothing in
Local Rule 3-2 that requires a court to transfer the case to
another division where it may have been brought in the first
instance.

3

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4