1 | LINDA BALDWIN JONES, Bar No. 178922
2 | ANDREA LAIACONA, Bar No. 208742
KRISTINA M. ZINNEN, Bar No. 245346
3 | WEINBERG, ROGER & ROSENFELD
A Professional Corporation
4 | 1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
5 | Telephone 510.337.1001
Fax 510.337.1023
6 | E-mail: courtnotices@unioncounsel.net

Attorneys for Plaintiffs

8 | PHILLIP SIMS, Bar No. 51590
P. SOPHIE MAI, Bar No. 254361
9 | SIMS & LAYTON
84 W. Santa Clara Street, # 660
10 | San Jose, California 95113
Telephone 408.298.3400
11 | Fax 408.297.1104
E-mail: psims@simsandlayton.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| PAUL BENSI, BART FLORENCE, JERRY KALMAR, and LYLE SETTER, in their capacities as Trustees of the STATIONARY ENGINEERS LOCAL 39 PENSION TRUST FUND; STATIONARY ENGINEERS LOCAL 39 ANNUITY TRUST FUND; and STATIONARY ENGINEERS LOCAL 39 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>AC SERVICE & DESIGN COMPANY, a California Corporation,<br><br>Defendant. | No.   CV 08-01757 CW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT<br><br>Date:  July 8, 2008<br>Time:  2:00 p.m.<br>Judge: Hon. Claudia Wilken<br>Courtroom:   2 |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

Joint Case Conference Statement and Rule 26(f) Report                                   Case No. CV 08-01757 CW

Pursuant to Local Rule 16-9, the parties, Plaintiffs Paul Bensi, Bart Florence, Jerry Kalmar, Lyle Setter, in their capacities as Trustees of the Stationary Engineers Local 39 Pension Trust Fund, Stationary Engineers Local 39 Annuity Trust Fund and Stationary Engineers Local 39 Health and Welfare Trust Funds ("Plaintiffs"), and Defendant AC Service & Design ("Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference scheduled for July 8, 2008, at 2:00 p.m. in Courtroom 2 before the Honorable Claudia Wilken.

## I. JURISDICTION AND SERVICE

The Court's jurisdiction is proper in this matter being that the action arises under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. § 1132.

All parties have been served.

## II. FACTS

### A. PLAINTIFFS' DESCRIPTION OF THE CASE

At all relevant times, Defendant was signatory and bound to all the terms and conditions of written Collective Bargaining Agreements with the International Union of Operating Engineers, Stationary Engineers, Local 39 (hereinafter "Union"), a labor organization within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185. By signing the Collective Bargaining Agreement, Defendant expressly agreed to accept, assume and become bound and subject to the Pension Trust Fund Agreement and Declaration of Trust (hereinafter "Pension Trust Agreement"), the Trust Agreement Establishing the Stationary Engineers Local 39 Annuity Trust Fund (hereinafter "Annuity Trust Agreement"), and the Stationary Engineers Local 39 Welfare Fund Trust Agreement (hereinafter "Health and Welfare Trust Agreement") and all amendments thereto as well as Employer Delinquency Procedures. As set forth in the Collective Bargaining Agreement, Defendant expressly agreed to make contributes to the Trust Funds on behalf of eligible employees as defined in the CBA.

Defendant also entered into a Letter of Understanding with the Union in which the parties agreed that Defendant's non-bargaining unit personnel could participate in the Health and Welfare

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

Joint Case Conference Statement and Rule 26(f) Report                                                    Case No. CV 08-01757 CW

Fund pursuant to the conditions set forth in the Letter of Understanding.  Defendant expressly agreed to become bound to the rules and regulations, including the Trust Agreement and Health and Welfare Plan, as adopted by the Health and Welfare Trust Fund.  Pursuant to the Letter of Understanding, Defendant agreed to cover all non-bargaining unit personnel for as long as it was a signatory employer to the Health and Welfare Trust Fund. At all relevant times, Defendant was a signatory employer to said Trust Fund.

The above-mentioned Trust Agreements and Employer Delinquency Procedures provide for prompt payment of all employer contributions to the various Trust Funds in San Francisco, California.  Said Agreements provide for the audit of signatory employer's books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the applicable labor agreements and law.  Plaintiffs' auditors, Lindquist LLP, conducted a payroll audit of Defendant's books and records for the period January 1, 1999 through September 30, 2006 ("1999-2006 Audit"), which revealed that the contributions Defendant submitted to the Trust Funds were inadequate, and that Defendant owes at least $98,159.20 in unpaid fringe benefit contributions. Specifically, the 1999-2006 Audit which Lindquist LLP performed revealed that Defendant failed to report employees and submit corresponding trust fund contributions to the Pension, Annuity and Health and Welfare Trust Funds as required by the applicable Collective Bargaining Agreement.  The audit also revealed that Defendant failed to submit health and welfare contributions to the Health and Welfare Trust Fund on behalf of all-non bargaining unit personnel, namely President Bill Eshelman for the entire audit period.

In the event that an employer fails to pay the amount required, the Trust Agreements and the Collective Bargaining Agreements and Employer Delinquency Procedures provide for additional amounts, including liquidated damages, and interest.  Given that Defendant failed to submit required contributions as revealed by the audit, Defendant owes liquidated damages and interest of at least $34,123.52 and testing fees of at least $3,850.00.  During this time period, the employer contributions to the Pension Fund, Annuity Fund, and Health and Welfare Fund were due and payable in San Francisco, California.  Because of Defendant's failure to pay these delinquencies that were due and payable in San Francisco, California, Plaintiffs filed a trust fund

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -

Joint Case Conference Statement and Rule 26(f) Report               Case No. CV 08-01757 CW

collection action against Defendant in this Court. Defendant also owes Plaintiffs attorneys fee and costs.

The principal factual issues in dispute are: (1) the amount of unpaid contributions due and owing to the Trust Funds for the 1999-2006 Audit performed by Plaintiffs' auditors, Lindquist LLP; (2) the amount of liquidated damages, interest and testing fees found due and owing to the Trust Funds; and (3) the amount of attorneys' fees and costs the Trust Funds must recover.

## B. DEFENDANT'S DESCRIPTION OF THE CASE

Plaintiffs and Defendant entered into a Collective Bargaining Agreement and various trust fund agreements whereby Defendant agreed to make timely and adequate fringe benefits contributions to the aforementioned funds. An audit was conducted in 2003 covering the years of 1999-2002 to determine whether timely fringe benefit contributions were made. This audit revealed that only a minimal amount of fringe benefit contributions had yet to be made. Despite having had an audit undertaken in 2003 for the 1999-2002 time period, Plaintiffs auditors, Lindquist LLP, conducted a second payroll audit of Defendant's books and records for the period of January 1, 1999 through 2003 and then added the period of 2004-2006. Despite being audited by the same auditing firm, the new audit in September 30, 2006 ("1999-2006 Audit") revealed that the contributions Defendant submitted to the Trust Funds were inadequate. Defendant owed a minimal amount under the first audit but Plaintiff now claims that Defendant owes at least $98,159.20 in unpaid fringe benefit contributions.

The majority of the contributions Plaintiffs are currently seeking pertains to Bill Eshelman, owner of AC Service and Design. Being that Mr. Eshelman was one of the bargaining parties in the collective bargaining agreement, the aforementioned benefit contribution requirements did not apply to him.

Defendant has made all fringe benefit contributions, due and owing to Plaintiffs, in a timely manner.

## III. LEGAL ISSUES

## A. PLAINTIFFS' STATEMENT OF LEGAL ISSUES

The principal legal issues that the parties dispute are:

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

Joint Case Conference Statement and Rule 26(f) Report    Case No. CV 08-01757 CW

1. Whether Defendant is bound to a written Collective Bargaining Agreements with the Union requiring them to submit health and welfare, pension and annuity contributions to the Trust Funds on behalf of eligible employees as set forth in the applicable Collective Bargaining Agreement. See § 301 of the LMRA, 29 U.S.C. §185; Section 302(c)(5) of the LMRA, 29 U.S.C §186 (c) ; §§ 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145; <u>Central States, Southeast and Southwest Areas Pension Fund v. Central Transport Inc.</u>, 472 U.S. 559, 571 (1985).

2. Whether Defendant is bound to the Letter of Understanding requiring it to submit health and welfare contributions to the Health and Welfare Trust Fund on behalf of all non-bargaining unit personnel, including Bill Eshelman, and pursuant to the provisions in the Letter of Understanding. See § 301 of the LMRA, 29 U.S.C. §185; Section 302(c)(5) of the LMRA, 29 U.S.C §186 (c) ; §§ 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145; <u>Central States, Southeast and Southwest Areas Pension Fund v. Central Transport Inc.</u>, 472 U.S. 559, 571 (1985).

3. Whether Plaintiffs are entitled to unpaid contributions found due and owing as a result of an audit performed by Plaintiffs' auditors, Lindquist LLP.  See §515 of ERISA, 29 U.S.C. §1145.

4. Whether Plaintiffs are entitled to liquidated damages and interest for unpaid or late contributions. See §515 of ERISA, 29 U.S.C. §1145.

5. Whether Plaintiffs are entitled to attorneys' fees, collection costs and other reasonable costs. See §515 of ERISA, 29 U.S.C. §1145.

6. Whether Defendant assumed a fiduciary duty to the Plaintiffs and if so, whether Defendant breached that duty.

7. Whether any of Defendant's affirmative defense apply or can be raised in this trust fund collection action.

**B. DEFENDANT'S STATEMENT OF LEGAL ISSUES**

1. Pursuant to 28 U.S.C. § 1658(a), may the Plaintiffs seeks payments for allegedly missed contributions dating back to 1999?

2. Whether Defendant was required to make benefit contributions for Bill Eshelman, owner of AC Service and Design?

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 5 -

Joint Case Conference Statement and Rule 26(f) Report     Case No. CV 08-01757 CW

3.  Whether Defendant was responsible for making benefits contributions for temporary and/or part time employees?

## IV.  MOTIONS

**A.  PRIOR OR PENDING MOTIONS**

Defendant filed a Motion for Intradistrict Transfer to move this matter from the San Francisco Division to the San Jose division on April 22, 2008. Plaintiffs filed an opposition motion on May 22, 2008. Defendant's Reply to the Opposition Motion was filed on May 29, 2008. An Order from the District Court denying the Defendant's motion was filed on June 12, 2008. No other motions are pending at this time.

**B.  PLAINTIFFS' ANTICIPATED MOTIONS**

Plaintiffs may file discovery motions, if necessary, and a motion for summary judgment or summary adjudication.

**C.  DEFENDANT'S ANTICIPATED MOTIONS**

Defendant anticipates no further motions at this time but other motions may be filed and further discovery sought.

## V.  AMENDMENT OF PLEADINGS

**A.  PLAINTIFFS' AMENDMENT OF PLEADINGS**

Plaintiffs do not anticipate amending the Complaint at this time.

**B.  DEFENDANT'S AMENDMENT OF PLEADINGS**

Defendant does not anticipate amending its Answer at this time.

## VI.  EVIDENCE PRESERVATION

**A.  PLAINTIFFS' ACTIONS TO PRESERVE EVIDENCE**

Plaintiffs have preserved all relevant documents relating to this matter.

**B.  DEFENDANT'S ACTIONS TO PRESERVE EVIDENCE**

Defendant has preserved all relevant documents relating to Plaintiffs' claims.

## VII.  DISCLOSURE

**A.  PLAINTIFFS' DISCLOSURE**

Plaintiffs will make its disclosures on July 1, 2008, and not later than July 8, 2008.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 6 -

Joint Case Conference Statement and Rule 26(f) Report    Case No. CV 08-01757 CW

Plaintiffs initial disclosures will include the Trust Agreements, Collective Bargaining Agreements, Letter of Understanding, Employer Delinquency Procedures, Audit Report for the period January 1, 1999 though September 30, 2006 prepared by the Plaintiffs' auditors, Lindquist and relevant correspondence.

**B.    DEFENDANT'S DISCLOSURE**

Defendant will make its disclosures on July 1, 2008 and not later than July 8, 2008.

## VIII.  <u>DISCOVERY</u>

**A.    PLAINTIFFS' DISCOVERY STATEMENT**

Plaintiffs have not begun discovery in this action. Plaintiffs intend to depose representatives of Defendant, including Bill Eshelman. Plaintiffs may serve Defendants with request for production of documents, interrogatories and requests for admissions. Plaintiffs will also issue subpoenas to the other parties.

**B.    DEFENDANT'S DISCOVERY STATEMENT**

Defendant has not yet begun discovery in this action. Defendant intends to depose Ron Smola of Compliance Audit Services.  Compliance Audit Services conducted the audit of AC Service and Design in 2003.  Defendant may serve Plaintiffs with requests for production of documents and interrogatories.  Defendant may also serve Plaintiffs with requests for admission.

**C.    DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)**

1. Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?

The parties do not anticipate the need for any changes.

2. Rule 26(f)(2): The subjects on which discovery may be needed , when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

The parties see no reason to limit or focus discovery on particular issues.

3. Rule 26(f)(3): Any issues relation to disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

    4.    Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including-if the parties agree on a procedure to assert such claims after production - whether to ask the court to include their agreement in the order.

The parties do not anticipate any issued relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event they arise.

    5.    Rule 26 (f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?

The parties do not require any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

    6.    Rule 26(f)(6): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16 (b) and (c).

The parties do not request any other orders to be entered by the court under Rule 26 (c) or Rule 16 (b) and (c).

### IX.  CLASS ACTIONS

This is not a class action.

### X.  RELATED CASES

There are no related cases.

### XI.  RELIEF

**A.  PLAINTIFFS' PRAYER FOR RELIEF**

Plaintiffs seek $98,159.20 in unpaid contributions revealed in the January 1, 1999 – September 30, 2006 Audit plus liquidated damages of $9,816.17, interest of at least $24,307.35 and testing fees of $3,850.00. Plaintiffs seek actual damages according to proof; an Order directing and permanently enjoining Defendant to submit to the Trust Funds, all reports and contributions due and owing by Defendant, plus interest, liquidated damages, attorneys' fees, and costs as

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

Joint Case Conference Statement and Rule 26(f) Report    Case No. CV 08-01757 CW

provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2); an Order permanently enjoining Defendant for so long as it remains obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2)); attorneys' fees; costs of suit herein; and such further relief as this Court deems just and proper.

**B.     DEFENDANT'S PRAYER FOR RELIEF**

Defendant, a small business owner, seeks to be found not owing any other fees or costs for alleged unpaid contributions or liquidated damages. Defendant also seeks attorney's fees and costs.

## XII.  SETTLEMENT AND ADR

The parties have not engaged in settlement discussions. The parties agree to participate in Mediation and pursuant to the Court's Order dated June 30, 2008, mediation must be completed within 150 days of the date of said Order.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have no objections to having the action be handled by the Magistrate Judge.

## XIV.  OTHER REFERENCES

The parties are aware of no other references needed at this time.

## XV.  NARROWING OF ISSUES

Plaintiffs believe that one or more issues can be narrowed, such as the fact that Defendant entered into written Collective Bargaining Agreements and a Letter of Understanding with the Union.

Defendant finds that there are no issues that can be narrowed at this time other than clarification of Plaintiff's prior audit which found no past due payment for a major portion of a second audit period.

## XVI.  EXPEDITED SCHEDULED

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 9 -

Joint Case Conference Statement and Rule 26(f) Report                                    Case No. CV 08-01757 CW

## XVII. SCHEDULING

The parties agree to the following proposed schedule:

| | | | |
|---|---|---|---|
| (a) | Non-Expert Discovery to be completed by | 60 days prior to trial |
| (b) | Dispositive Motions to be heard by | 60 days prior to trial |
| (c) | Expert Discovery to be completed by | 30 days prior to trial |
| (d) | Pretrial conference to be conducted on | 30 days prior to trial |
| (e) | Trial Requested for | December 7, 2009 |

## XVIII. TRIAL

Defendant estimates a 2-3 day jury trial.  Plaintiffs estimate a 2-day court trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**A.  PLAINTIFFS' DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs' have no disclosures of interested entities or persons.

**B.  DEFENDANT'S DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant has no disclosure of interested entities or persons.

## XX.  OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated: June 30, 2008        WEINBERG, ROGER & ROSENFELD
                            A Professional Corporation


                            By:    /s/
                                LINDA BALDWIN JONES
                                ANDREA LAIACONA
                                KRISTINA M. ZINNEN
                                Attorneys for Plaintiffs

Dated: June 30, 2008        SIMS & LAYTON


                            By:    /s/
                                PHILLIP SIMS
                                P. SOPHIE MAI
                                Attorneys for Defendant

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 10 -

Joint Case Conference Statement and Rule 26(f) Report                    Case No. CV 08-01757 CW

117866/498592

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 11 -

Joint Case Conference Statement and Rule 26(f) Report                Case No. CV 08-01757 CW