UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL BENSI, et al., )
) 
            Plaintiff(s), )   No. C 08-1757 BZ
)
    v. )   **ORDER DENYING CROSS MOTIONS**
)   **FOR SUMMARY JUDGMENT**
AC SERVICE AND DESIGN CO., )
)
            Defendant(s). )
)

**IT IS HEREBY ORDERED** that the cross motions for summary judgment are **DENIED** except as expressly stated otherwise in this Order.[1]

In deciding Yates v. Hendon, 541 U.S. 1 (2004), the United States Supreme Court declared existing law, which means that at all relevant times defendant was obligated to make benefit contributions for Mr. Eshelman, so long as he was employed by defendant. See, e.g., Trs. of the Suburban Teamsters of N. Ill. Welfare & Pension Funds v. Hope Cartage,

---

[1] Some of defendant's factual contentions suggest that defendant may have reached an accord and satisfaction with the plaintiffs. However, neither side has addressed that issue in their cross motions and the Court declines to grant either side summary judgement on the issue neither side has briefed.

1

1   Inc., 2005 WL 3050613, at *2-3, *9 (N.D. Ill.); see also,
2   Garay v. UNUM Life Ins. Co. of Am., 2008 WL 4167297, at *2
3   (N.D. Cal.); Finkelstein v. Guardian Life Ins. Co. of Am.,
4   2007 WL 1345228, at *5 (N.D. Cal.)(both applying Yates to
5   interpret pre-Yates plans).

6       In California, the applicable statute of limitations to
7   enforce an ERISA plan under section 1132 is four years.
8   Northern California Retail Clerks Unions & Food Employers
9   Joint Pension Trust v. Jumbo Markets, 906 F.2d 1371, 1372 (9th
10  Cir. 1990) (applying California Code of Civil Procedure §
11  337).  The statute begins to run when the plaintiff "knows or
12  has reason to know" of the injury.  Id. at 1373.  This period
13  may begin when trustees commence an audit of employer
14  practices, if it provides them with reason to know of plan
15  violations.

16      Based on this record, there are disputed issues of fact
17  as to the precise period for which Eshelman was employed by
18  defendant following the 1999-2002 audit, and as to whether,
19  given the 1999-2002 audit conducted by plaintiffs, they knew
20  or should have known that they were entitled to recover
21  contributions for Eshelman.[2]

22      As to its other employees, defendant has produced no
23  evidence to controvert the evidence provided by plaintiffs
24  that there are unpaid contributions owing on behalf of
25  employees Bautista, Fimbrez, Mendoza, Rostran, Steiner, Yanez,
26  and Londregan for work preformed between April 2004 and

---

27
28  [2]  In ruling on summary judgment, a court must view evidence, such as the prior audits, in the light most favorable to the party opposing the motion.

September 2006, and on behalf of Platt, a non-bargaining unit personnel, for work performed from May 2005 through September 2006. Accordingly, plaintiffs are awarded summary judgment in the amount of contributions unpaid for these employees: A. Bautista (health and welfare underpayment of $806.10, pension underpayment of $1,000, annuity underpayment of $453.13), G. Fimbrez (health and welfare underpayment of $1,612.20, pension underpayment of $1,235.20, annuity underpayment of $559.70), M. Mendoza (health and welfare underpayment of $1,612.20, pension underpayment of $1369.60, annuity underpayment of $620.61), N. Rostran (health and welfare underpayment of $2,418.30, pension underpayment of $1,588.80, annuity underpayment of $719.93), R. Steiner (health and welfare underpayment of $2,535.30, pension underpayment of $1,567.10, annuity underpayment of $688.75), E. Yanez (health and welfare underpayment of $1,028.87, pension underpayment of $592.85, annuity underpayment of $242.15), R. Londregan (pension underpayment of $155.20 and annuity underpayment of $70.33), and S. Platt (underpayment of $13,879.18). Plaintiffs are also entitled to liquidated damages and interest, but those amounts are not broken down in plaintiffs' papers. Plaintiffs' request for attorneys' fees and costs is not supported by any proof, let alone proof broken down to allow an apportionment consistent with this Order.

Dated: 4 Feb 09

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BENSI V. AC SERVICE\ORDER DENYING CROSS MOTIONS FOR SUM. JUDGMENT.wpd